Ruffin, C. J.
 

 The merits of the controversy between these parties cannot be determined in the present state of the pleadings. If any person can be'deemed a defendant to the suit, a decisive objection to the bill is, that it is against three married women, without making the husband of either of them a defendant. In the title of the bill it is said to be “against Margaret, the wife of Cornelius McKee,” &c., but not to be against McKee himself, or. the other husbands. Of course, as the husbands are necessary parties to the account, so as to render it obligatory upon all interested in the estate, the Court ought not to entertain the bill, and order the cause to an account without them. But the truth is, that the bill does not properly make any person a defendant. The bill is entitled, a bill against certain persons ; but the title is no part of the bill, whether it precede the statement of the bill, or be written on the back of it. The stating part of the bill ought to contain the case of the plaintiff, showing his rights, and the injury done to him and by whom it was done; and, even then, the persons thus mentioned in the bill, as the authors of the wrong complained of, are not thereby made defendants, but only those against whom process of subpoena is prayed, as the means of compelling their appearance, or, under our statute, publication in its stead.
 
 Coop. Ch. Pl.
 
 16.
 
 Beams El. Pl.
 
 148. In the present bill no persons are named in the stating part of the bill as the heirs or next of kin of the intestate; but it is only stated that “the defendants” are the children of their deceased brothers and a sister of the intestate, and as such are his heirs at law and next of kin. In like manner in the prayer for process, it is against “the defendants,” without naming any person. So that in truth there is, strictly, no suit properly constituted, in which the Court ought to have decreed, or this person John W.
 
 *233
 
 Means, ought to have demurred. The decree was therefore erroneous, and must be reversed ; but as we have observed that this is not an uncommon mode of stating a casé and making parties in some parts of the State, and the appellaut might have availed himself of the defect more properly by objecting to appearing, instead of demurring, the Court is not disposed to give costs in either Court. We cannot, however, but express the hope, that more attention will be paid to the framing of the pleadings in an orderly manner, and, to that end, that recourse will be had to the books of precedents of established authority, rather than to the loose and imperfect productions of the circuit.
 

 Per Curiam.
 

 Decree accordingly.